Kim E. Richman
**REESE RICHMAN LLP**
875 Avenue of the Americas, 18th Floor
New York, NY 10001
krichman@reeserichman.com
212-643-0500 (telephone)
212-253-4272 (facsimile)

*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
DANNY ROBLES and EDWIN ORTIZ,

                Plaintiffs,

     -against-

THE CITY OF NEW YORK, DET. ADRIANO
CONTRERAS (Shield No. 2116), P.O. CLAUDE
MEDE (Shield No. 7898), DET. JOSEPH
TORRES (Shield No. 17825), SERGEANT JOSEPH
FAELLO (Shield No. 3218), and DET. TERRY
MILL (Shield No. 7421), and P.O.s JOHN AND
JANE DOE #1-10, Individually and in their
Official Capacities (the names "John and Jane Doe"
being fictitious, as the true names are presently
unknown),

                Defendants.
-------------------------------------------------------------X

**FIRST AMENDED COMPLAINT**

      Plaintiffs Danny Robles and Edwin Ortiz, by their attorney, Kim E. Richman, complaining of the above-referenced defendants, respectfully allege as follows:

**PRELIMINARY STATEMENT**

      1.    Plaintiffs Danny Robles and Edwin Ortiz ("Plaintiffs") bring this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988 for the wrongful acts of defendants THE CITY OF NEW YORK

1

("CITY"), DETECTIVE ADRIANO CONTRERAS (Shield No. 2116), POLICE OFFICER CLAUDE MEDE (Shield No. 7898), DETECTIVE JOSEPH TORRES (Shield No. 17825), SERGEANT JOSEPH FAELLO (Shield No. 3218), and DETECTIVE TERRY MILL (Shield No. 7421), and POLICE OFFICERS JOHN and JANE DOE #1-10 (collectively "Defendants"), all acting under color of state law and pursuant to their authority, in violation of Plaintiffs' rights under the Constitution and laws of the United States and the State of New York.

## JURISDICTION

1. This action seeks redress for violation of Plaintiffs' constitutional and civil rights, pursuant to, *inter alia*, 42 U.S.C. §§ 1983, 1988, the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and the constitution and laws of the State of New York. Plaintiffs invoke this Court's jurisdiction pursuant to these constitutional and statutory provisions and pursuant to 28 U.S.C. §§ 1331, 1343.

2. Plaintiffs further invoke this Court's pendent jurisdiction over any and all state law claims that derive from the same nucleus of operative facts that gives rise to the federal claims, pursuant to 28 U.S.C. § 1367.

## VENUE

3. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

4. Plaintiffs demand a trial by jury on each and every one of their claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

5. At all times relevant hereto, Plaintiff Danny Robles was a resident of Bronx County and Plaintiff Edwin Ortiz was a resident of New York County, located in the Southern District of New York.

6. Defendant THE CITY OF NEW YORK ("CITY") is and was at all relevant times a municipality of the State of New York; Defendant CITY operates, manages, directs, and controls the New York City Police Department ("NYPD"), which employs Defendant P.O.s JOHN and JANE DOE #1-10.

7. At all times relevant to this action, Defendants DET. ADRIANO CONTRERAS (Shield No. 2116), P.O. CLAUDE MEDE (Shield No. 7898), DETECTIVE JOSEPH TORRES (Shield No. 17825), SERGEANT JOSEPH FAELLO (Shield No. 3218), and DETECTIVE TERRY MILL (Shield No. 7421), P.O.s JOHN and JANE DOE #1-10 were police officers employed by the NYPD and acting under color of state law.

1. Defendant P.O.s JOHN AND JANE DOE #1-10 participated directly in and/or failed to intervene in the violations of Plaintiffs' constitutional rights committed by the other individual Defendants.

2. Defendant CITY was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, captains and employees of the NYPD.

3. At all times relevant hereto and in all their actions described herein, Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of Defendant CITY and its NYPD, pursuant to their authority as

3

employees, servants and agents of the Defendant CITY, within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and officers.

## FACTS

4. At all times relevant hereto, Plaintiff Danny Robles resided at Avenue of St. John, in Bronx County, New York.

5. At all times relevant hereto, Plaintiff Edwin Ortiz resided onEast 107th Street, in New York County, New York.

6. On or about November 13, 2013, at approximately 1:00 p.m., Plaintiffs Robles and Ortiz were picked up by a livery cab (car service cab) bearing license plate number T604029C, exp. March 5, 2015, operated by Bangla Car and Limo Service, Inc. at the corner of Westchester Avenue and Harrod Avenue, in the Bronx.

7. The cab was traveling on East 174th Street toward Boston Road. When it was stopped in traffic at approximately East 174th Street and Longfellow Avenue, two unidentified men in street clothes, later determined to be Defendant NYPD Officers, presented handguns and tapped the weapons on the glass of the car windows, telling the cab driver to "pull over."

8. Suddenly, and against the will of Plaintiffs, the cab driver drove away. During this time, Plaintiffs repeatedly pleaded with the driver to pull over.

9. At approximately Boston Road and Vyse Avenue, the cab was blocked and then pulled over by an NYPD vehicle.

10. At this point, the two men who had presented weapons opened the car doors and forcefully pulled the cab driver and Plaintiffs out of the vehicle. The men

proceeded to place Plaintiffs in handcuffs for "safety purposes" while the men awaited backup.

11. Plaintiff Robles has, and had at the time of this incident, an injured leg that requires him to use a cane to walk, and for which he takes prescription pain medication. When he was pulled out of the car, his cane remained in the car, causing him pain and distress.

12. Plaintiff Robles also suffers from claustrophobia, and suffered from it at the time of this incident.

13. Eventually, approximately seven Defendant NYPD officers, including Det. Contreras and P.O. Mede some in uniform and some not, surrounded the cab.

14. At this time Plaintiffs were searched. During the search, a Defendant NYPD officer discovered Plaintiff Robles' pain medication, Hydrocodone, which bore his name and had been filled that day, and returned his pills to him.

15. NYPD officer(s) Det. Contreras and/or P.O. Mede then searched Plaintiff Robles a second time and confiscated his pain medication.

16. At this point Plaintiff Robles insisted that he be allowed to stand with his cane, as he was in pain and discomfort. Defendants refused to give Plaintiff Robles his cane and became aggressive with him, shoving him to the ground and shackling his feet.

17. At this point, several Defendant NYPD officers, including Det. Contreras and P.O. Mede lifted Plaintiff Robles off of his feet and threw him into the back of an NYPD van, effectively arresting him without any cognizable reason to do so. When Plaintiff Robles complained about his treatment and requested medical attention for his

5

claustrophobia and injured legs, Defendant officers began to punch and kick him, excessively, gratuitously and without justification.

18. From this violent and gratuitous assault by Defendant NYPD officers, including Det. Contreras and P.O. Mede, Plaintiff Robles suffered a split lip, multiple contusions across his body, and was knocked unconscious.

19. During the beating, Plaintiff Robles's shoes came off, and he was then tied into the seat, while still on the floor of the van, by threading his belt through the seatbelt while he was unconscious.

20. Defendant NYPD officers ordered Plaintiff Ortiz to get into the back of the van, never answering his questions about why he was being detained, and effectively detaining and/or arresting him without any cognizable reason to do so.

21. During this time, the handcuffs placed on Plaintiff Ortiz were so tight that they restricted his blood flow and began to cut into Plaintiff Ortiz's skin. Plaintiff Ortiz complained to Defendant officers but the handcuffs were never loosened.

22. Plaintiffs were driven around inside the van for approximately seven hours.

23. Plaintiffs arrived at 43rd Precinct at approximately 8:00 p.m. and were strip-searched by Defendant NYPD officers. During this time Plaintiff Robles anal area was unnecessarily probed by a Defendant officer.

24. Within the precinct, Defendant NYPD officers dragged Plaintiff Robles around on the ground and never gave him shoes or his cane back.

25. Defendant NYPD officers told Plaintiff Ortiz to "keep quiet" about their abusive treatment of Plaintiff Robles, threatening that Plaintiff would be charged with a crime if he did not comply.

26. While at the precinct, Defendant NYPD officers would strike Plaintiff Robles every time he protested about his treatment.

27. At about 10:30 p.m., Plaintiff Ortiz was finally released from police custody without being charged with a crime or being told why he was arrested.

28. Plaintiff Ortiz attempted to obtain an inventory of the property that Defendant NYPD officers had taken from himself and Plaintiff Robles during the incident. Defendant NYPD officers refused this request and told Plaintiff Ortiz that if he did not leave immediately, he would be put in a cell.

29. Plaintiff Ortiz left the precinct at approximately 11:00 p.m.

30. At approximately 1:00 a.m. on November 14, 2013, Plaintiff Robles was transferred to Bronx Central Booking, where he received a medical evaluation that indicated that he needed to be taken to the hospital for his injuries.

31. Defendant NYPD officers dragged Plaintiff Robles, still in shackles, to a car and took him to Lincoln Medical Center.

32. At Lincoln Medical Center, Plaintiff Robles was treated for the lacerations he sustained during the beating, given medication to manage the pain he was suffering from the beating, and found to have high blood pressure. Additionally Plaintiff Robles was prescribed a cane to help him walk.

33. At about 3:00 a.m. on November 14, 2013, Plaintiff Robles was taken back to Bronx Central Booking.

34. Plaintiff Robles was held there for nearly another full day before being released upon arraignment at about 1:00 a.m. on November 15, 2013.

35. During the incident, Plaintiffs endured significant fear and emotional distress from being confronted by men knocking on their vehicle's window with a gun, , who were not at the time identifiable as a police officer.

36. For Plaintiff Ortiz, this distress continued during the nearly ten (10) hours during which he was arrested and detained without justification by Defendant NYPD officers. Plaintiff Ortiz continues to suffer significant psychological trauma from this incident.

37. For Plaintiff Robles, this distress continued for over thirty-six (36) hours, during which Defendant NYPD officers put him in a small, confined space that triggered his claustrophobia, gratuitously beat him while he lay shackled in the back of the van, and dragged him around on the ground at the precinct and to the car that took him to the hospital.

38. Plaintiff Robles continues to suffer significant psychological trauma from these actions by Defendant NYPD officers, as well as from the gratuitous violence of the beating by Defendant NYPD officers.

39. As a result of the confiscation of his pain medication, Plaintiff Robles was forced to endure over twenty-one (21) days of serious and debilitating pain before his prescription for a controlled substance would be filled by a pharmacy.

40. Plaintiff Robles continues to suffer additional significant pain in his disabled leg from the beating by Defendant NYPD officers.

## CAUSES OF ACTION

## FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS

41. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

42. All of the aforementioned acts of Defendants, their agents, servants, and employees were carried out under color of state law.

43. All of the aforementioned acts deprived Plaintiffs of the rights, privileges, and immunities guaranteed to citizens of the United States by, *inter alia*, the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

44. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

45. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers, pursuant to the customs, usages, practices, procedures, and rules of Defendant CITY and its NYPD, and other agencies all under the supervision of ranking officers of said departments.

46. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of his/her respective municipality/authority that is forbidden by the Constitution of the United States.

47. By these actions, Defendants have deprived Plaintiffs of rights secured by the United States Constitution, in violation of 42 U.S.C. § 1983, for which Defendants are individually liable.

48. Plaintiffs repeat each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

49. By the actions described herein, Defendants intentionally caused and allowed Plaintiffs to be placed in apprehension of imminent harmful and offensive contact, in violation of the Constitution and Laws of the State of New York.

50. Defendants' actions were not in furtherance of any legitimate police interest and were not otherwise privileged.

51. As a consequence of Defendants' actions as described herein, Plaintiffs have been injured.

52. Defendant CITY is liable under *respondeat superior* for the aforesaid injuries.

## SECOND CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

53. Plaintiffs repeat each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

54. The degree of force Defendants used against Plaintiffs as described herein was excessive, unreasonable, unwarranted, and without justification.

55. Defendants' actions described herein were intentional, willful, malicious, egregious, grossly reckless, gratuitous, unconscionable, and unprovoked.

56. As a result of Defendants' excessive force and brutality, Plaintiff Robles suffered, *inter alia*, a split lip and other lacerations, bruising and pain throughout his

body, further injury to his disabled leg, and localized pain in that leg.

57. As a result of Defendants' excessive force and brutality, Plaintiff Ortiz suffered bruising, swelling and lacerations of his wrists, and still bears the scars of his handcuffs.

58. All of the aforementioned acts of Defendants constituted excessive force in violation of the Constitution of the United States actionable under 42 U.S.C. § 1983, and in violation of the laws of the State of New York, for which Defendants are individually liable.

### THIRD CLAIM FOR RELIEF
### FALSE ARREST UNDER 42 U.S.C. § 1983

59. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

60. As a result of Defendants' aforementioned conduct, Plaintiffs were subject to an illegal, improper and false arrest by Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

61. As a result of the foregoing, Plaintiffs' liberty was restricted for an extended period of time, and they were put in fear for their safety and subjected to handcuffing, leg shackling, and other physical restraints, without probable cause.

62. As a result of his false arrest, Plaintiffs were subjected to humiliation, ridicule and disgrace before their neighbors and peers. Plaintiffs were discredited in the minds of many members of their community.

## FOURTH CLAIM FOR RELIEF
### DELIBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL CONDITION IN VIOLATION OF THE UNITED STATES CONSTITUTION

63. Plaintiff Robles repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

64. As described herein, Defendants acted with deliberate indifference to Plaintiff Robles's serious medical condition by, *inter alia*, taking away his walking cane and his prescription pain medication for his injured leg, and denying him appropriate medical treatment for his disability, despite the seriousness and obviousness of Plaintiff Robles's medical needs and his repeated requests for treatment.

65. Defendants were actually and constructively aware of Plaintiff Robles's serious medical needs.

66. Defendants consciously disregarded the serious and obvious medical risk posed to Plaintiff Robles's mental and physical well-being by, *inter alia*, failing to provide essential medical treatment for his serious medical condition.

67. Defendants' deliberate indifference to Plaintiff Robles's serious and obvious medical needs violated the Constitution of the United States.

68. As a consequence of Defendants' actions as described herein, Plaintiff Robles has been injured.

## FIFTH CLAIM FOR RELIEF
### ASSAULT UNDER NEW YORK STATE LAW

69. Plaintiff Robles repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

70. By the actions described herein, Defendants intentionally caused and allowed Plaintiff Robles to be placed in apprehension of imminent harmful and offensive

contact, in violation of the Constitution and Laws of the State of New York.

71. Defendants' actions were not in furtherance of any legitimate police interest and were not otherwise privileged.

72. As a consequence of Defendants' actions as described herein, Plaintiff Robles has been injured.

73. Defendant CITY is liable under *respondeat superior* for the aforesaid injuries.

## SIXTH CLAIM FOR RELIEF
## BATTERY UNDER NEW YORK STATE LAW

74. Plaintiff Robles repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

75. Defendant NYPD officers acted in a violent, excessive, unnecessary, and unwarranted manner in the performance of their duties as agents or employees of the Defendant City and created an environment that placed Plaintiff Robles into unsafe conditions.

76. By the actions described herein, Defendants intentionally caused and allowed Plaintiff Robles to be struck in a harmful and offensive manner, in violation of the Constitution and Laws of the State of New York.

77. Defendants' actions were not in furtherance of any legitimate police interest and were not otherwise privileged.

78. As a consequence of Defendants' actions as described herein, Plaintiff Robles has been injured.

79. Defendant CITY is liable under *respondeat superior* for the aforesaid

injuries.

## SEVENTH CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

80. Plaintiffs repeat each and every allegation contained in the paragraphs above and incorporate such allegations by reference herein.

81. Defendants' unlawful conduct, including the violations of Plaintiffs' constitutional rights, constituted extreme and outrageous conduct that was beyond the boundaries of decency.

82. Defendant NYPD officers acted intentionally in their unlawful conduct.

83. Defendant CITY acted with reckless disregard as to whether its customs, policies, usages, practices, procedures, and rules of its NYPD would result in extreme and outrageous conduct inflicted upon Plaintiffs.

84. Defendants' conduct was the direct and proximate cause of the harm to Plaintiffs.

85. Plaintiff Robles suffered and continues to suffer physical injury, and both Plaintiffs suffered and continue to suffer severe emotional distress, and were otherwise injured, as a result of Defendants' conduct.

## EIGHTH CLAIM FOR RELIEF
## NEGLIGENCE UNDER NEW YORK STATE LAW

86. Plaintiffs repeat each and every allegation contained in the paragraphs above and incorporate such allegations by reference herein.

87. Defendants had a legal duty to Plaintiffs, including the duty to act reasonably and the duty to Plaintiffs to not violate their civil rights.

88. Defendants' actions in unlawfully violating Plaintiffs' civil rights, among other acts against Plaintiffs, constituted a breach of Defendants' duty.

89. As a consequence of Defendants' actions as described herein, Plaintiffs suffered a deprivation of their civil rights, experienced pain and suffering, and have been otherwise injured.

90. As a consequence of Defendants' actions as described herein, Plaintiff Robles was physically injured.

91. Defendants' actions herein inflicted emotional distress upon Plaintiffs.

92. Defendants' actions were the direct and proximate cause of the harm to Plaintiffs.

93. Defendant CITY is liable under *respondeat superior* for the aforesaid injuries.

### TWELFTH CLAIM FOR RELIEF
### FAILURE TO INTERVENE

94. Plaintiffs repeat each and every allegation contained in the paragraphs above and incorporate such allegations by reference as if fully stated herein.

95. Those defendants that were present during the time when Plaintiffs constitutional rights were violated, but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

96. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, and Fourteenth Amendments.

97. As a direct and proximate result of this unlawful conduct, Plaintiffs were subjected to excessive force, humiliation, ridicule, and disgrace before their family and peers, confinement, pain and suffering, embarrassment and emotional distress.

## TENTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

98. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

99. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

100. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD, all under the supervision of ranking officers of said department.

101. The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY and the NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiffs.

102. The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiffs, as alleged herein.

103. The foregoing customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD were the moving force behind the constitutional violations suffered by Plaintiffs, as alleged herein.

104. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiffs.

105. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiffs' constitutional rights.

106. Defendant CITY, as municipal policymaker in the training and supervision of the NYPD, has pursued a policy and custom of deliberate indifference to the rights of persons in its domain who suffer violation of the right to freedom from unlawful entry, negligence, and from the use of excessive and unreasonable force in violation of, *inter alia*, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. § 1983, and the constitution and laws of the State of New York.

107. All of the foregoing acts by Defendants deprived Plaintiffs of federally protected rights, including, but not limited to, the right:

    a. To be free from excessive force;

    b. To be free from false arrest;

    c. To be free from invasion of privacy;

    d. To be free from the infliction of emotional distress;

    e. To receive equal protection under the law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Robles demands judgment and prays for the following relief, jointly and severally, against Defendants:

1. Special and compensatory damages in the amount of THREE MILLION ($3,000,000) DOLLARS.

2. Punitive damages in the amount of ONE MILLION ($1,000,000) DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.

WHEREFORE, Plaintiff Ortiz demands judgment and prays for the following relief, jointly and severally, against Defendants:

5. Special and compensatory damages in the amount of ONE MILLION ($1,000,000) DOLLARS.

6. Punitive damages in the amount of ONE MILLION ($1,000,000) DOLLARS.

7. Reasonable attorney's fees and costs; and

8. Such other and further relief as this Court deems just and proper.

DATED:   New York, New York
         July 8, 2014

Respectfully submitted,

/s/ Kim E. Richman

Kim E. Richman
REESE RICHMAN LLP
875 Avenue of the Americas, 18th Floor
New York, NY 10001
212-643-0500 (telephone)
212-253-4272 (facsimile)

*Attorney for Plaintiffs*